### CITY OF JASPER v. CROMER.
No. 212.

Circuit Court, Hamilton County, Criminal Appeal.

July 1, 1969.

108

110

J. B. Hodges of Hodges, Bergen & Gafford, Lake City, for appellant.

C. A. Avriett and John W. Peach, both of Jasper, for appellee.

SAMUEL S. SMITH, Circuit Judge.

*Order and judgment:* This cause came on to be heard upon the record-on-appeal and the briefs filed herein, and it appears that the conviction of the appellant, Wade D. Cromer, who was the defendant in the mayor's court, Jasper, should be set aside.

The record clearly shows that the defendant offered to submit to a blood alcohol test and requested that he be taken to the Hamilton County Hospital for that purpose. This was not done.

Florida Statutes, §322.261 expressly provides as follows in subsection 1(g) —

> Any person arrested for any offense allegedly committed while the person was driving a motor vehicle while under the influence of alcoholic beverages may request the arresting officer to have a chemical test made of the arrested person's breath, blood, saliva or urine for the purpose of determining the alcoholic content of such person's blood, and, if so requested, the arresting officer shall have the test performed.

and again in subsection 2(d), the statute provides —

> Upon the request of the person tested, full information concerning the test taken at the direction of the peace officer shall be made available to him or his attorney.

The statute is clear and is absolutely controlling in this case.

Other rights of the defendant were violated when the officer did not permit the defendant to make a telephone call from the jail.

After consideration, it is thereupon ordered and adjudged —

That the conviction of the defendant, Wade D. Cromer, be and the same is hereby reversed and the defendant is discharged to go hence without day.

The costs of this appeal are taxed against the city of Jasper in the amount of $78, for which let execution issue.

The clerk of this court shall issue appropriate mandate in accordance herewith.